LaFauci v. NH Dept. of Corrections    CV-99-253-M    06/05/01
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Anthony LaFauci,
      Plaintiff

      v.                                    Civil No. 99-253-M
                                            Opinion No. 2001 DNH 108
N.H. Dept. of Corrections, et al.,
      Defendants


                            O R D E R


      Anthony LaFauci is a New Hampshire state inmate, formerly

housed at the New Hampshire State Prison.  He has, however, been

transferred out of the State and is currently being detained at a

correctional facility in Massachusetts.  His detention in New

Hampshire appears to have been an eventful one and spawned a

number of civil suits; to date, LaFauci has filed at least five

cases in this court relating in some way to the conditions of his

confinement and the manner in which he was treated during his

stay in New Hampshire.


      In this proceeding, he seeks damages from numerous

defendants for alleged violations of his Eighth Amendment rights

and various state common law torts.  By prior order, most of

LaFauci's claims against the majority of the named defendants were dismissed for failure to state a claim. See 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."). What remains is a single Eighth Amendment claim against defendants Kenneth Gorski, Lee Morrison, Bert Morrison, A.J. Williams, Walter Davies, Charles Ward, and a Doe defendant, as well as a common law claim for assault and battery arising out of the same events giving rise to the Eighth Amendment claim. Defendants move for summary judgment. LaFauci objects.

**Discussion**

In light of the Supreme Court's recent decision in Booth v. Churner, __ U.S. __, 2001 WL 567712 (May 29, 2001) (copy attached), the State's motion for summary judgment appears to be premature, since LaFauci's complaint does not disclose facts necessary to determine whether it is properly before the court.

42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), now provides that:

> <u>No action shall be brought</u> with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted</u>.

42 U.S.C. § 1997e(a) (Supp. 2000) (emphasis supplied).  The Supreme Court has construed that provision of the PLRA to require that, before filing a federal suit relating to the conditions of his or her confinement (e.g., an Eighth Amendment claim for excessive force), an inmate must exhaust all available administrative processes, even if the inmate seeks, but cannot obtain through those processes, monetary relief.  <u>Booth</u>, 2001 WL 567712 at *2 ("The question is whether an inmate seeking only monetary damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money.  We hold that he must.").  Consequently, the Court affirmed the lower court's dismissal, without prejudice, of Booth's Eighth Amendment claims for failure to exhaust.

The impact of the Court's opinion in Booth upon LaFauci's claims is unmistakable: if the New Hampshire Department of Corrections provides an administrative process through which inmates might raise, and correctional personnel might address, complaints of excessive force, LaFauci must show that he has exhausted those administrative processes before he may pursue a § 1983 claim in this court. His complaint, however, does not allege that he has exhausted available administrative processes (nor does he allege that such administrative processes are lacking). Nor do the documents attached to his various filings resolve that question. Accordingly, on or before August 3, 2001, the parties shall submit legal memoranda (and appropriate supporting documentation) addressing the following:

1.   The administrative procedures and remedies, if any, available to New Hampshire state inmates relative to personal injury claims, assertions of deliberate and/or malicious use of excessive force, and other claims concerning the deprivation of constitutionally protected rights;

2.   The various levels of administrative appeal, if any, available to New Hampshire state inmates who pursue such administrative claims;

3.   What, if any, administrative procedures and remedies LaFauci pursued relative to the specific Eighth Amendment and state common law assault and battery claims raised in this proceeding; and

4

4.   Whether LaFauci exhausted those administrative procedures (i.e., pursued all available avenues of administrative appeal) prior to filing this suit.

## Conclusion

The record presently before the court is silent as to LaFauci's compliance with the administrative exhaustion requirement of 42 U.S.C. § 1997e(a), thereby suggesting that his complaint must be dismissed, without prejudice, pending such exhaustion.  As noted above, however, the court has afforded both LaFauci and the State until **August 3, 2001**, to brief this issue. If LaFauci claims to have exhausted available administrative processes, his memorandum shall include references to and copies of all documentation supporting that claim.

Because there is a substantial question as to whether this case is properly before the court, the State's motion for summary judgment (document no. 45) is denied, without prejudice to refiling should it subsequently appear that LaFauci has exhausted available administrative procedures relative to the two remaining claims in this proceeding (i.e., excessive force and assault and battery).  Should that prove to be the case, the State need not refile its motion; instead, it may simply notify the Clerk of the

5

Court of its desire to have the court bring the motion forward and consider its merits.  On the other hand, if LaFauci fails to make a plausible showing of exhaustion, the court will necessarily dismiss his complaint without prejudice to refiling after he has exhausted.[1]

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 5, 2001

cc:  Anthony LaFauci, pro se
        with Booth order attached
     Mary E. Schwarzer, Esq.
        with Booth order attached

---

[1]      That LaFauci has been transferred to a correctional facility in Massachusetts does not relieve him of the obligation to comply with § 1997e's exhaustion requirement.  See Booth, 2001 WL 567712, at *2 n.2 (noting that while the inmate's transfer to another correctional facility mooted his claims for injunctive relief, his claim for monetary damages remained viable and subject to the exhaustion requirement of § 1997e).

6